O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE MEDICAL, INC., HOWARD SIEGEL, DAVID SIEGEL, <br><br> Defendants. | Case No. CV 15-00436 DDP (FFMx) <br><br> **ORDER RE MOTION TO STAY PROCEEDINGS** <br><br> [Dkt. No. 14] |

Presently before the Court is Defendants' motion to stay proceedings pending the resolution of the underlying state court case in this matter. Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

**I.    BACKGROUND**

Defendants in this case are also defendants in a state-court lawsuit by a minority shareholder in Nationwide Medical, Inc. ("Nationwide"), John Calligeros. He alleges that Defendants Howard and David Siegel breached their duties and committed improprieties as to the corporation. (Compl. ¶¶ 21-25, 29; Pl.'s RJN, Ex. B.) Plaintiff, an insurance company, issued a "Business and Management

Indemnity" policy effective December 1, 2012, that covered both Nationwide and its directors and officers as to certain kinds of "losses" incurred in defending certain kinds of "claims" related to management of the business. (Compl., Ex. A.)

Plaintiff seeks a declaratory judgment that it is not required to indemnify Defendants in the underlying lawsuit, because the policy excludes so-called "Insured versus Insured" claims. Plaintiff alleges that Calligeros was an officer and director of Nationwide and that he sues the Siegels, who were also officers and/or directors, and the company itself. All parties to the case are therefore "insureds" under the policy, and so, according to Plaintiff, the policy excludes from coverage the claims in Calligeros's lawsuit.

## II.  LEGAL STANDARD

A federal district court may, but need not, grant declaratory judgment as to the "rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, the court has broad discretion to stay actions in favor of pending state court proceedings involving the same issues and parties, in order to avoid gratuitous interference with the orderly and comprehensive disposition of a pending state action that presents the same issues. See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). The purpose of a stay is to "avoid having federal courts needlessly determine issues of state law," "discourage litigants from filing declaratory judgment actions as a means of forum shopping," and "avoid[] duplicative litigation."

In determining whether to grant a stay, courts will consider whether a declaratory action will settle all aspects of the controversy, whether a declaratory judgment would clarify the legal relations at issue, whether the declaratory action is being used to obtain an unfair advantage (especially as to res judicata), and whether the use of a declaratory action will result in entanglement between the federal and state court systems. <u>Government Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 n. 5 (9th Cir. 1998). Several of these factors are implicated when there is a risk of inconsistent factual determinations between the state and federal courts. <u>See, e.g.</u>, <u>Maryland Cas. Co. v. Witherspoon</u>, 993 F. Supp. 2d 1178, 1185 (C.D. Cal. 2014) ("[T]he Court finds that this overlap in issues weighs heavily against allowing Plaintiff's declaratory judgment action to go forward, because it entangles the Court with the underlying state court action, as well as result[ing] in duplicative litigation.").

"In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." <u>Dizol</u>, 133 F.3d at 1225 n. 5. Finally, the fact that a lawsuit is one "with no compelling federal interest (e.g., a diversity action)" may also weigh in favor of a stay. <u>Witherspoon</u>, 993 F.Supp.2d 1178, 1183 (C.D. Cal 2014).

**III. DISCUSSION**

In this case, Plaintiff seeks a judgment that it is not liable to Defendants for any loss incurred as a result of Mr. Calligeros's lawsuit, because the lawsuit falls under the "Insured vs. Insured" exception to the policy. Under that exception, the policy does not cover loss

3

> "on account of any Claim . . . brought or maintained by, on behalf of, in the right of or at the direction of any Insured in any capacity . . . unless such Claim . . . is brought or maintained by any former director or officer of the Company solely in their capacity as a securities holder of the Company and where such Claim is solely based upon and arising out of Wrongful Acts committed subsequent to the date such director or officer ceased to be a director or officer of the Company and where such Claim is first made two years subsequent to the date such director or officer ceased to be a director or officer of the Company . . . .

(Compl., ¶¶ 33-34 & Ex. A, § C(1)(e).)

In the alternative, Plaintiff alleges, (Compl., ¶ 35), it is also not required to indemnify "dishonest, deliberately fraudulent or criminal" acts, (Compl., Ex. A, § C(1)(f)), claims that were pending as of the policy continuity date, (id. at § C(1)(k)), claims of which "any of the Insureds" had knowledge before the policy continuity date, (id. at § C(1)(l)), claims based on breach of contract, (id. at § C(2)(a)), and claims based on losses that are uninsurable. (Id. at § B(7).)

Considering the factors outlined in Brillhart and Dizol, the Court concludes that this action should be stayed pending the resolution of the state court action. Although a declaratory judgment could clarify the legal relationships between the parties in this matter, it would not necessarily resolve all aspects of the controversy. The state court action would still remain, and it is possible that even if the Court found for Plaintiff in part, the extent of Plaintiff's liability to Defendant might not be known

until the state action was concluded – at least not without making factual determinations that would substantially overlap with the state court's factual inquiry. (<u>See</u> Compl., ¶ 38 (seeking "an allocation between covered and uncovered loss" if there is partial coverage).)

This is because there are a number of factual questions the Court would be called on to resolve in order to adjudicate Plaintiff's claim for declaratory judgment, many of which would also be material and relevant to the state case. These include when Calligeros ended his time as a director or officer of Nationwide; when the acts leading to his claims took place; whether any Insured knew of the acts or the claims that could arise from them prior to the continuity date; whether any of the acts Calligeros alleges are "dishonest, deliberately fraudulent or criminal"; and whether the alleged acts constituted a breach of contract. As noted above, the danger of conflicting factual determinations militates in favor of a stay.

Finally, the Court notes that the state proceeding appears to be set for trial in just three months. (Reply at 2.) Thus, the parties will not be greatly inconvenienced by a stay.

The Court therefore finds that a stay is appropriate.

**IV. CONCLUSION**

Defendant's motion to stay the proceedings pending the resolution of the state court action is GRANTED.

IT IS SO ORDERED.

Dated: June 23, 2015

DEAN D. PREGERSON
United States District Judge

5