UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE MEDICAL, INC., HOWARD SIEGEL, DAVID SIEGEL, AND DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 15-436 DDP (FFM)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**<br><br>[Dkt. 100] |

Presently before the court is Plaintiff's Motion to Amend the Judgment. Having considered the parties' submissions and heard oral argument, the court adopts the following Order.

**I.　BACKGROUND**

This case arose from an insurance indemnification dispute between Plaintiff and Counter-Defendant Scottsdale Insurance Company ("Scottsdale") and Defendants and

Counter-Claimants Nationwide Medical, Inc., Howard Siegel, and David Siegel (collectively, "Defendants"). Howard Siegel and David Siegel ("the Siegels") are directors and officers of Nationwide Medical, Inc., ("Nationwide"). (Decl. of Howard Siegel ¶ 5, Dkt. 86-1.)

Defendants in the present lawsuit were also the defendants in a state lawsuit, *Calligeros v. Nationwide Medical, Inc., et al.*, Los Angeles Superior Court Case No. BC512982 (the "Underlying Action"). (*See* App'x, Dkt. 78-5, Ex. F.) Defendants notified Scottsdale of the Underlying Action and requested that Scottsdale pay their defense costs and indemnify them for losses. (*Id.*, Exs. N, P.) However, the parties disagreed as to whether the Underlying Action was covered under the Business and Management Indemnity Policy (the "Policy") provided by Scottsdale. After receiving the complaint in the Underlying Action, Scottsdale agreed to defend Defendants subject to a reservation of rights. (*Id.*, Ex. S, at 10.)

During the litigation in the Underlying Action, Scottsdale brought the present declaratory relief action against Defendants. The First Amended Complaint ("FAC") seeks a declaration that Scottsdale does not owe a duty to defend or a duty to indemnify Defendants for any losses arising from the Underlying Action. (FAC ¶ 41, Dkt. 70.) This court granted Scottsdale's motion for summary judgment on its first cause of action. (Dkt. 94.) This cause of action, which Scottsdale pled against all Defendants, sought a declaration that the Policy did not cover the Underlying Action, and also sought reimbursement of the expenses that Scottsdale paid for the defense of the Underlying Action. (FAC ¶ 36.)

Scottsdale now moves to amend the judgment to include the amount of reimbursement it is owed, together with pre-judgment and post-judgment interest. (Dkt. 100.)

## II. LEGAL STANDARD

Pursuant to 8 U.S.C. § 2202, the court may order "[f]urther necessary or proper relief based on a declaratory judgment . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

Under Federal Rule of Civil Procedure 59(e), a party may move to amend or alter a judgment. In general, a Rule 59(e) motion may be made on four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quotations omitted). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Id*.

## III. DISCUSSION

Under California law, when an insurer "acting under a reservation of rights, has prophylactically financed the defense of claims as to which it owed no duty of defense, it is entitled to restitution." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 659 (2005). Scottsdale elected to provide defense costs for Defendants in the Underlying Action, subject to a reservation of rights.[1] In granting Scottsdale's motion for summary judgment, the court held that Scottsdale had no duty to defend Defendants. Under these circumstances, the court finds that Scottsdale is entitled to recoup the legal costs it incurred in the Underlying Action.

Scottsdale now seeks to amend the declaratory judgment to include the amount of reimbursement. Under the Declaratory Judgment Act, 28 U.S.C. § 2202, the court may

---

[1] Defendants do not contend that the reservation of rights was improperly asserted or otherwise invalid.

3

grant any additional "relief based on a declaratory judgment" that it deems "necessary and proper" after "reasonable notice and hearing." *See also Powell v. McCormack*, 395 U.S. 486, 499 (1969) ("A declaratory judgment can . . . be used as a predicate to further relief . . . ."). Applying this standard, the court deems that the reimbursement of defense costs is necessary and proper to effectuate the underlying declaratory judgment.

Defendants do not appear to challenge this conclusion. Rather, they argue that the court should deny or limit this relief on three grounds. First, they argue that Plaintiff's motion is untimely. However, § 2202 is "broad enough to permit the court to grant additional relief long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by laches." Wright & Miller, *Federal Practice & Procedure* § 2271 (4th ed.). Defendants do not raise the issue of laches in their briefing. Nor do they articulate how, if at all, they were prejudiced by the delay. Therefore, the court finds Plaintiff's motion timely under § 2202.[2]

Next, Defendants assert that Scottsdale cannot request reimbursement from Defendants Howard Siegel and David Siegel ("the Siegels") because the FAC's prayer for relief asks for reimbursement against Defendant NMI only. (FAC ¶ 41.D.) Defendants' sole authority in support of this proposition is a case stating that "an individual is not bound by a judgment in personam resulting from litigation in which he is not named as a party." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

---

[2] Plaintiff's motion is also timely under Rule 59(e), which allows a party to file a motion to amend the judgment no later than twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). Because the court grants relief under § 2202, however, it need not reach whether relief is also proper under Rule 59(e). *See Omaha Indem. Ins. Co. v. Cardon Oil Co.*, 687 F. Supp. 502, 503 (N.D. Cal. 1988) (concluding that the time limitations of Rule 59(e) do not apply to motions made pursuant to § 2202).

4

Here, conversely, all three Defendants were named as defendants in the Underlying Action and in the present action. The FAC sought declaratory relief against all three Defendants. (FAC ¶ 41.G.) In granting Scottsdale's motion for summary judgment, the court ruled that Scottsdale had no duty to indemnify or defend any Defendant. Therefore, Scottsdale is now entitled to seek restitution for the legal costs it advanced on Defendants' behalf. *See Scottsdale Ins. Co.*, 36 Cal. 4th at 659. In view of these circumstances, and in the absence of any due process concerns articulated by Defendants, the court deems it appropriate for Scottsdale to amend the judgement to seek reimbursement from NMI as well as from the Siegels, all of whom Scottsdale defended in the Underlying Action.

Finally, Defendants contend that Scottsdale failed to comply with Local Rule 7-3, which requires counsel to "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Central Dist. L.R. 7-3. Counsel for Scottsdale counsel asserted that she conferred by phone with former counsel for Defendants NMI and Howard Siegel, and that former counsel was subsequently replaced by another attorney. (Rojas Decl. ¶ 2.) However, Scottsdale's counsel does not assert that the call, which concerned a stipulation to amend the judgment, thoroughly addressed the substance of the present motion. Nor can it be assumed that this call also satisfied counsel's obligation to meet and confer with counsel for Defendant David Siegel. Thus, it appears that Scottsdale's counsel did not fully meet her obligation to meet and confer. The court finds that such an omission is without justification and expects counsel to fully comply with this requirement in the future.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Amend the Judgment is GRANTED in part and DENIED in part. The court concludes that Plaintiff is entitled to amend the judgment to seek reimbursement of the litigation costs advanced to Defendants in the Underlying Action. However, the court reserves the question of the

5

amount of reimbursement, and pre- and post-judgment interest, owed to Plaintiff until after the conclusion of the parties' mediation of the dispute.

The parties are ordered to mediate the dispute within thirty (30) days of this Order, or by September 19, 2018. The parties are further ordered to notify the court of the conclusion of the mediation and to request a status conference forthwith.

**IT IS SO ORDERED.**


Dated: August 20, 2018

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE